## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHERYL HULSE, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.                               Case No:  3:15-cv-233-J-39MCR

WAL-MART STORES, INC., a Foreign
Corporation,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  On February 27, 2015, Plaintiff filed

a three-count class-action lawsuit, alleging violations of Florida's Deceptive and Unfair

Trade Practices Act, Fla. Stat. § 501.201 <u>et seq.</u> ("FDUTPA"), negligent

misrepresentation, and unjust enrichment, in connection with Defendant's sale of its Great

Value 100% Cranberry Pomegranate Juice.  <u>See generally</u> (Complaint, Doc. 1).  Upon

review of the Complaint, the Court finds that it constitutes an impermissible "shotgun

pleading" and is due to be stricken.

A shotgun complaint "contains several counts, each one incorporating by reference

the allegations of its predecessors, leading to a situation where most of the counts . . .

contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income Fund,</u>

<u>L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).

Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous

task of sifting out irrelevancies in order to decide for itself which facts are relevant to a

particular cause of action asserted.  <u>See id.</u>  Here, each subsequent count of the three

counts in the Complaint incorporates by reference all allegations of each of the preceding counts.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).  As noted above, Plaintiff's Complaint constitutes an impermissible "shotgun pleading" and is due to be stricken.

Moreover, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

The party seeking to invoke the federal forum traditionally bears the burden of persuasion on jurisdictional issues. Kerney v. Fort Griffin Fandangle Ass'n, Inc., 624 F.2d 717, 719 (5th Cir. 1980).[1]  Plaintiff premises this Court's jurisdiction on the Class Action Fairness Act of 2005 ("CAFA"), which gives federal courts original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA sets forth at least four threshold requirements for a federal court to have subject matter jurisdiction over a class action: "(1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." Lowery v. Alabama Power Co., 483 F.3d 1184, 1202-03 (11th Cir. 2007).

For diversity purposes, Plaintiff has not properly identified the citizenship of Defendant, Wal-Mart Stores, Inc.  Plaintiff alleges that "Plaintiff is a citizen of Florida, and Defendant can be considered a citizen of Delaware." (Complaint, Doc. 1 ¶ 10).  Plaintiff goes on to allege that "Defendant is a Delaware corporation." (Id. ¶ 20).  However, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp.

---

[1] In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a corporation, a party must identify the corporation's state of incorporation and its principal place of business. Without Defendant's principal place of business, the Court is unable to determine the citizenship of Defendant.

Moreover, as the Complaint currently stands, it fails to adequately allege an amount in controversy in excess of the jurisdictional threshold of $5,000,000. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) ("When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy."). "[W]here jurisdiction is based on a claim for indeterminate damages, . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003); see Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007) ("A conclusory allegation ... that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." (citation omitted) (brackets and alterations in original)). In conclusory fashion, the Complaint states "the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs." (Complaint, Doc. 1 ¶ 10). However, upon closer inspection, Plaintiff fails to plead facts supporting this allegation — in fact, Plaintiff pleads facts directly contradicting it. Plaintiff discloses that the purchase price of the product is approximately $2.78. (Id. ¶ 19). "Plaintiff and the Class seek damages equal to the

aggregate purchase price paid for the Product during the Class Period." (Id. ¶ 54).

"Alternatively, Plaintiff and the members of the Class paid a price premium for the Product

over other similar products." (Id. ¶ 55).   As a result, in the alternative, Plaintiff seeks

damages "in the amount of the difference between the premium purchase price charged

for the Products and the true market value of the Product without its misbranded features."

(Id.).[2]   Plaintiff alleges that "[a]s a result of Defendants' [sic] false and misleading

statements and failures to disclose as well as Defendant's other conduct described in this

Complaint, Plaintiff and Class members bought <u>hundreds of thousands of units</u> of the

Product," (id. ¶ 51) (emphasis added), and "were similarly affected by the deceptive

advertising for the Product," (id. ¶ 63).   If the amount in controversy is "the aggregate

purchase price for the Product" — $2.78 — multiplied by one million units of the Product

— more than the "hundreds of thousands of units" purchased by Plaintiff and the members

of the Class, as alleged in the Complaint — the amount recoverable would fall well short

---

[2] Plaintiff also seeks declaratory and injunctive relief "putting an end to Defendant's misleading and unfair business practice." (Complaint, Doc. 1 ¶ 57, p. 26). Plaintiff alleges that, "[i]f Defendant stops its unfair practice and/or engages in a corrective advertising campaign, Plaintiff would purchase the Product in the future." (Id. ¶ 57). For amount in controversy purposes, the value of injunctive or declaratory relief is the "value of the object of the litigation" measured from the plaintiff's perspective. <u>Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Electronics, Inc.</u>, 120 F.3d 216, 218 (11th Cir. 1997). In other words, "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1077 (11th Cir. 2000). While Plaintiff alleges that, if an injunction were issued, she would purchase the product in the future, she does not allege in what quantity or at what price. Any value that Plaintiff would receive from the issuance of an injunction is "too speculative and immeasurable to satisfy the amount in controversy requirement." <u>See Ericsson GE Mobile Commc'ns, Inc.</u>, 120 F.3d at 221-22; <u>Morrison</u>, 228 F.3d at 1269 ("In this case, it is mere speculation as to whether any particular class member will benefit monetarily, and if so to what extent, from an injunction . . . ."); <u>Cohen</u>, 204 F.3d at 1079 ("Because of these contingencies, any benefit to the class from the injunction cannot be reduced to a reasonable monetary estimate.").

of the $5,000,000 necessary to meet the jurisdictional threshold of this Court.  As such, the allegations in Plaintiff's Complaint are facially insufficient to establish the requisite amount in controversy.  Should Plaintiff elect to file an Amended Complaint, Plaintiff should plead facts which, if taken as true, support an assertion that the amount in controversy exceeds $5,000,000.

Finally, on February 27, 2015, Plaintiff filed a Motion for Class Certification and for Temporary Stay of Further Proceedings and Briefing on that Motion [Doc. 2; Motion].  Plaintiff filed the Motion at this early juncture as a "prophylactic measure" in order to ensure that Defendant does not attempt to "pick off" the putative class representative by an offer of judgment. (Motion, Doc. 2 at 1 n.1).  However, on December 1, 2014, the United States Court of Appeals for the Eleventh Circuit held that a proposed class action, like the instant one, was not rendered moot by an unaccepted offer of complete relief to the named plaintiffs, made pursuant to Federal Rule of Civil Procedure 68.  See Stein v. Buccaneers Ltd. P'ship, 772 F.3d 698, 702-04 (11th Cir. 2014); see also Keim v. ADF Midatlantic, LLC, 586 F. A'ppx 573, 574 (11th Cir. 2014) (recognizing the holding of Stein).  In light of the Eleventh Circuit's decision in Stein, Plaintiff's skeletal Motion to Certify Class is premature and unnecessary.  Consequently, the Motion is due to be denied without prejudice to being renewed at an appropriate time consistent with the Local Rules.[3]

Accordingly, after due consideration, it is

---

[3] On March 27, 2015, the parties filed a joint Stipulation [Doc. 5; Stipulation], wherein the parties stipulated that (1) Plaintiff withdraws the Motion without prejudice to re-filing, and (2) "the Motion is deemed pending for any potential mootness."  In light of the Eleventh Circuit's decision in Stein, the Motion should be terminated for all purposes — albeit, without prejudice to refiling.

**ORDERED:**

1. Plaintiff's Class Action Complaint for Equitable Relief and Damages, and Demand for Jury Trial [Doc. 1] is **STRICKEN**.

2. Plaintiff shall file an Amended Complaint, consistent with the directives herein, on or before **April 15, 2015**. Failure to do so may result in dismissal of this action for failure to prosecute, pursuant to Local Rule 3.10(a), United States District Court, Middle District of Florida.

3. Plaintiff's Motion for Class Certification and for Temporary Stay of Further Proceedings and Briefing on that Motion [Doc. 2] is **DENIED without prejudice** to being renewed at an appropriate time, consistent with the Local Rules.

**DONE** and **ORDERED** in Jacksonville, Florida this ___31ˢᵗ___ day of March, 2015.

BRIAN J. DAVIS
United States District Judge

mg
Copies furnished to:

Counsel of Record